MOORE, Judge,
concurring in part and concurring in the result.
I fully concur in all portions of the main opinion except in regard to the discussion of the so-called pain exception to the schedule set out in Masterbrand Cabinets, Inc. v. Johnson, 984 So.2d 1136, 1144 (Ala.Civ.App.2005) (plurality opinion), aff'd, 984 So.2d 1146 (Ala.2007). Johnson is a plurality opinion that was authored by Judge Murdock when he was a member of this court; only Presiding Judge Crawley fully concurred in the main opinion. Plurality opinions have questionable precedential value at best. Ex parte Discount Foods, Inc., 789 So.2d 842, 845 (Ala.2001). See also Ex parte Achenbach, 783 So.2d 4 (Ala.2000).
Johnson was affirmed by our supreme court without an opinion, citing Rules 53(a)(1) and 53(a)(2)(A), Ala. RApp. P. Rule 53(a)(1) specifically states that a judgment may be affirmed without an opinion if the court determines “[t]hat an opinion in the case would serve no significant precedential purpose.” Rule 53(d), Ala. RApp. P., further provides:
“An order of affirmance issued by the Supreme Court ... by which a judgment or order is affirmed without an opinion, pursuant to subsection (a), shall have no precedential value and shall not be cited in arguments or briefs, and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar.”
Since the issuance of Johnson, this court has cited the case on several occasions and has even analyzed subsequent cases based on its reasoning, but this court has never applied the Johnson rationale to conclude that an injury to a scheduled member could be compensated outside the schedule. See, e.g., Advantage Sales of Alabama, Inc. v. Clemons, 36 So.3d 517 (Ala.Civ.App.2008); Shoney’s, Inc. v. Rigsby, 971 So.2d 722 (Ala.Civ.App.2007).
Based on the fact that Johnson is a plurality opinion that was affirmed by the supreme court without an opinion and because its rationale has never been applied to award benefits outside the schedule in any subsequent case, I question whether Johnson has any binding effect, an issue *616 that was left unanswered by this court’s recent decision in Norandal U.S.A., Inc. v. Graben, [Ms. 2061070, Oct. 17, 2008] (Ala.Civ.App.2008). I agree that the evidence in this ease does not meet the Johnson standard, but until we receive some definitive guidance from our supreme court, I hesitate to join in any decision that implies that the schedule would be avoided if the Johnson test was met. Therefore, I concur only in the result as to that portion of the opinion discussing Johnson.
BRYAN, Judge, concurring in the result.
The main opinion states:
“[The employee] claims that she has satisfied the second prong of the Bell [v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968),] test, asserting that her injury ‘causes an abnormal and unusual incapacity with respect to the member’ itself. As Advantage Sales [of Alabama, Inc. v. Clemons, 36 So.3d 517 (Ala.Civ.App.2008),] points out, however, the scope of the second prong of Bell has been severely limited, if not abrogated completely, by Ex parte Drummond Co., 837 So.2d 831 (Ala.2002), and subsequent appellate opinions; at most, a vestigial exception may apply to situations ‘ “when an injury ... to a scheduled memberf ] entails ... a debilitating pain ... that impairs the body as a whole in a manner not contemplated by the schedule.” ’ Shoney’s, Inc. v. Rigsby, 971 So.2d 722, 725-26 n. 2 (Ala.Civ.App.2007) (quoting Masterbrand Cabinets, Inc. v. Johnson, 984 So.2d 1136, 1144 (Ala.Civ.App.2005), aff'd, 984 So.2d 1146 (Ala.2007)).”
35 So.3d at 613-14 (emphasis added).
In Ex parte Drummond Co., 837 So.2d 831, 835 n. 10 (Ala.2002), our supreme court stated:
“Bell [v. Driskill], relying on the A.L.R. note, added to the Larson language a second basis for departing from the workers’ compensation schedule: ‘or the injury causes an abnormal and unusual incapacity with respect to the member.’ 282 Ala. [640] at 646, 213 So.2d [806] at 811 [ (1968) ]. It is unclear what conditions this second prong of the Bell test was intended to cover. We note that this Court has not applied this second prong and that where the Court of Civil Appeals has purported to have applied it, that court has actually gone well beyond the language of the test and considered other characteristics of the claimant.... This additional language appears to add nothing but ambiguity to the thoughtful language of Larson’s treatise; therefore, we decline to consider the so-called second prong of the Bell test a part of the test that we adopt today.”
I believe that this passage in Ex parte Drummond Co. completely abrogated the second prong of the Bell test. Accordingly, I must view the so-called “pain exception” to the schedule as being completely distinct from the second prong of the Bell test, despite similarities between these two standards